IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY L. THOMAS,                                      ORDER

                    Petitioner,

                                                          11-cv-775-wmc

       v.

DIRECTOR, SAND RIDGE SECURE
TREATMENT CENTER,

                    Respondent.

---

Petitioner Anthony L. Thomas alleges that he is being unlawfully confined by the Wisconsin Department of Health and Social Services at the Sand Ridge Secure Treatment Center in Mauston, Wisconsin, following the completion of his prison sentence for sexual assault. Thomas has filed a petition for a writ of habeas corpus to procure his immediate release from confinement under the terms of a civil commitment order entered pursuant to Wis. Stat. Ch. 980, which authorizes indefinite detention for a "sexually violent person."[1] Thomas proceeds *pro se,* having paid the $5.00 habeas corpus filing fee. Because the court is unable to complete its required initial review of the petition on the skeletal facts alleged, Thomas will be given 30 days to show that he has exhausted all available state court remedies or face dismissal of this matter without prejudice.

---

[1] "A 'sexually violent person' means a person who has been convicted of a sexually violent offense, has been adjudicated delinquent for a sexually violent offense, or has been found not guilty of or not responsible for a sexually violent offense by reason of insanity of mental disease, defect, or illness, and who is dangerous because he or she suffers from a mental disorder that makes it likely that the person will engage in one or more acts of sexual violence." Wis. Stat. § 980.01(7).

FACTS

Thomas indicates that his last civil commitment hearing was held in 2010. In that proceeding, Thomas contends that the trial court denied his motion for release because of his poverty, his sexual orientation, and his race or ethnicity, rather than because he is dangerous as defined by Wis. Stat. § 980.01(7). He provides no additional facts in support of his claims.

OPINION

Thomas styles his initial pleading as a petition for a "writ of habeas corpus ad testificandum," which references several statutes. Because Thomas seeks his immediate release, his request for relief is governed by 28 U.S.C. § 2254, which affords a remedy for prisoners who are in custody pursuant to the judgment of a state court. *See Prieser v. Rodriguez*, 411 U.S. 475 (1973) (where a state prisoner seeks his release, a petition under 28 U.S.C. § 2254 is the exclusive remedy); *see also Duncan v. Walker*, 533 U.S. 167, 176 (2001) (clarifying that a state court judgment for purposes of review under 28 U.S.C. § 2254 is not limited to a criminal conviction, but can include a state court order of civil commitment or civil contempt). Rule 4 of the Rules Governing Section 2254 Cases requires a district court to examine the petition and determine whether to dismiss the case or require an answer from the respondent. The court cannot complete its preliminary review of Thomas' petition under Rule 4, however, because he has yet to provide sufficient information about the procedural history of his discharge proceeding and his present claim for relief.

The federal habeas corpus statutes require a petitioner to exhaust all remedies that are "available in the courts of the State" *before* seeking relief in federal court. 28 U.S.C. § 2254(b)(1)(A). When a state prisoner alleges that his continued confinement violates federal law, the doctrine of exhaustion ensures that state courts have "the first opportunity to review this claim and provide any necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). Claims are exhausted when they have been presented to the highest state court for a ruling on the merits or when state remedies no longer remain available to the petitioner. *Engle v. Isaac*, 456 U.S. 107, 125 n.5 (1982).

The statutory scheme governing sexually violent persons in Wisconsin requires that a person subject to civil commitment file a petition to discharge confinement alleging sufficient facts to allow a court or jury to conclude his condition has changed since the date of initial confinement. *See Martin v. Bartow*, 628 F.3d 871, 875 (7th Cir. 2010) (citing Wis. Stat. § 980.09(1); *In re Commitment of Kruse*, 296 Wis.2d 130,150, 722 N.W.2d 742, 752 (2006)). If the petitioner meets his pleading burden, the trial court will hold a hearing to determine whether a jury could conclude that the petitioner is no longer a sexually violent person. *See Martin*, 628 F.3d at 875 (citing Wis. Stat. § 980.09(2)). The burden then shifts to the State to demonstrate by clear and convincing evidence that the petitioner's continued confinement remains justified. *See id*. (citing Wis. Stat. § 980.09(3)).

Thomas appears to have filed a petition to discharge his civil commitment in state circuit court under Wis. Stat § 980.09(1). This petition also appears to have been denied in 2010, following a hearing by that court. However, Thomas does not provide a copy of the circuit court's order denying relief in that proceeding. More importantly, Thomas does not allege facts showing that he pursued an appeal from the denial of his discharge petition, as was his right pursuant to Wis. Stat. § 980.095(3).

To exhaust his state court remedies, a petitioner must "invok[e] one complete round of the State's established appellate review process." *Boerckel*, 526 U.S. at 854. In Wisconsin, this means that a petitioner must raise his claims on appeal to the Wisconsin Court of Appeals and then, if unsuccessful, present those claims in a petition for review to the Wisconsin Supreme Court. *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003). Because state procedures exist through which Thomas could have presented his federal claims to the state appellate courts, he cannot be excused from complying with the exhaustion requirement. Accordingly, Thomas will be directed to supplement his pleadings and to show cause why his petition should not be dismissed for lack of exhaustion.

Thomas alleges that he has been singled out for unfavorable treatment at the Sand Ridge Secure Treatment Center because of his race, his sexual orientation, and his relationship with another detainee, from whom he has allegedly been separated for discriminatory reasons. To the extent that Thomas was subjected to disparate treatment in violation of the Equal Protection Clause, such a claim is actionable, if at all, in a civil

rights complaint under 42 U.S.C. § 1983. See, e.g., West v. Macht, 986 F. Supp. 1141, 1143 (W.D. Wis. 1997). Civil rights claims may not be considered under the federal habeas corpus statutes. See Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999) (noting different procedural requirements and consequences of § 1983 and habeas corpus statutes as reasons for refusing to convert action). If Thomas wishes to proceed with these claims, then he must file a separate complaint under 42 U.S.C. § 1983 against the individuals responsible for discriminating against him.

ORDER

IT IS ORDERED THAT

1. Petitioner Anthony L. Thomas is directed to show cause, if any, by responding in writing within thirty (30) days of the date of this order why his petition should not be dismissed without prejudice for failure to exhaust state court remedies as required under 28 U.S.C. § 2254(b).

2. Petitioner is advised that, if he does not respond to this order as directed, then this case may be dismissed for want of prosecution without further notice under Fed. R. Civ. P. 41(b).

Entered this 28th day of August, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge